USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FLORIO'S ENTERPRISES, INC. d/b/a
FLORIO'S RESTAURANT; & 192 GRAND
ST. CIGAR AND TRADING CO. INC.,

      Plaintiffs,

-against-

THE CITY OF NEW YORK; THE NEW YORK
CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE; THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE TRIBUNAL; THE STATE OF NEW
YORK; & THE NEW YORK STATE
DEPARTMENT OF HEALTH,

      Defendants.
------------------------------------------------------------X

**SCHEDULING ORDER**

08 Civ. 5903 (SAS)(DF)

Conference Date:
August 13, 2008, 4:30 p.m.

**SHIRA A. SCHEINDLIN, U.S.D.J.**

  WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 24, 2008 (the "Order"); and

  WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

  NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

  (1) the parties, plaintiff Florio's Enterprises, Inc. (d/b/a Florio's Restaurant) and plaintiff 192 Grand St. Cigar and Trading Co., Inc. (collectively, the plaintiffs), as well as defendants The City of New York, the New York City Department of Health and Mental Hygiene ("DHMH"), the New York City Department of Health and Mental Hygiene Tribunal ("the Tribunal") (collectively, "the City defendants"), and the State of New York ("the State"),[1] appear before the Court at a conference pursuant to Fed. R. Civ. P. 16(b) on August 13, 2008;

---

[1] Jennifer L. Johnson, Assistant Attorney General of the New York State Office of the Attorney General, appears before the Court and signs this document on behalf the State of New York, which has been properly served in this matter. She does not, however, appear before the Court

(2) The plaintiffs allege that "the Act," apparently defined as the New York City Smoke Free Air Act (Ch. 5, Title 7, New York City Administrative Code § 17-501, et seq.) (hereinafter, "the NYC Act"),[2] is unconstitutional on its face and as applied. They assert that the City defendants have selectively and discriminatorily enforced the NYC Act against them, in violation of their rights to due process. Plaintiffs add the claim that the NYC Act is inconsistent with State law regulating smoking in public areas (Article 13-E, Chapter 45 of the New York State Public Health Law (hereinafter, "the State Act")), which, as New York City residents, submits them to unequal enforcement of the law. Plaintiffs seek declaratory and injunctive relief, as well as monetary damages.

(3) (a) deposition of the following persons will likely be required in this action, and a schedule of the planned depositions will be drawn up and appended to this Complaint following discovery in this action:

　　　　　(i) Lawrence Amoruso (plaintiffs' representative);
　　　　　(ii) Ralph Amoruso (plaintiffs' representative);
　　　　　(iii) Beth Torin (DHMH representative);
　　　　　(iv) a representative of the Tribunal; and
　　　　　(v) a representative of the DHMH Division of Inspection, Operations and Training;[3]

(b) document requests, interrogatories, and requests to admit will be served by all parties by September 30, 2008;

(c) responses to document requests, interrogatories, and requests to admit will be served by all parties by November 30, 3008;

(d)(i) the parties will provide their expert reports, if any, to the other parties on or before December 30, 2008;

(d)(ii) expert depositions, if any, will be completed on or before January 30, 2009;

---

or sign this document on behalf of the New York State Department of Health, which, as of the date of the appearance and the signing, has not been properly served.

[2] The majority of plaintiffs' claims refer to "the Act," which is never expressly defined within the complaint. See Compl. ¶¶ 48-49, 51, 54, 57, 60, 65. However, plaintiffs assert jurisdiction on the basis of the NYC Act, id. ¶ 1, and their allegations solely refer to the operation and enforcement of the NYC Act. See id. ¶¶ 48-71.

[3] All parties reserve the right to name additional deponents following the production of documents and responses to interrogatories.

 (e) all discovery, fact and expert, will be completed on or before January 30, 2009;

 (f) dispositive motions, if any, will be filed on or before, March 30, 2009;

 (f) plaintiffs will provide their pre-trial order matters to the City defendants and the State (1) within thirty days of the Court's decision in relation to any dispositive motion filed by a party; or (2) within forty-five days of the close of discovery, as the case may be;

 (f) the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial, within thirty days following the plaintiffs' provision to defendants of its pretrial order matters; and

 (g) a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), will be held _Feb 5 at 4 30_.

(4) discovery will be limited and subject to a protective order to the extent that it requires the disclosure of any City and State employee's personnel records or the deliberative process engaged in for the promulgation of the City Act and the State Act;

(5) there are no unresolved discovery issues at this time;

(6) anticipated fields of expert testimony, if any, will likely be the effects of second-hand smoke in public areas and its role in the promulgation and enactment of the City Act and the State Act;

(7) the parties anticipate the trial will last three days, and plaintiff intends to request a jury;

(8)   this Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires;

(9)   SIGNED BY:

_____          _____
John William Russell, Esq.                Sidney Baumgarten, Esq.
60 East 12th Street            355 South End Avenue
New York, New York  10003                 Battery Park City
(917) 224-2260                            New York, New York  10280
                                          (646) 338-8371

Plaintiffs' Counsel                       Plaintiffs' Counsel


_____          _____
Louise Lippin                             Jennifer L. Johnson
Assistant Corporate Counsel               Assistant Attorney General
The City of New York Law Department       New York State Office of
100 Church Street                           the Attorney General
New York, New York 10007                  120 Broadway, 24th Floor
(212) 788-0790                            New York, New York 10271
                                          (212) 416-6211

City Defendants' Counsel                  Counsel for the State of New York


**SO ORDERED:**

_____
**SHIRA A. SCHEINDLIN**   8/13/08
**U.S.D.J.**