UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

FLORIO'S ENTERPRISES INC. d/b/a FLORIO'S
RESTAURANT & 192 GRAND ST. CIGAR AND
TRADING CO. INC.,

                                         Plaintiffs,

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, THE NEW YORK CITY DEPARTMENT
OF HEALTH AND MENTAL HYGIENE TRIBUNAL,
THE STATE OF NEW YORK & THE NEW YORK
STATE DEPARTMENT OF HEALTH,

                                         Defendants.

------------------------------------------------------------------- x

**ANSWER OF
CITY DEFENDANTS**

08 CIV 5903 (SAS)

        Defendants, The City of New York ("City"), The New York City Department of Health and Mental Hygiene ("DOHMH"), and The New York City Department of Health and Mental Hygiene Tribunal ("Tribunal"), (collectively "City defendants"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that venue is proper.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "3" and "4" of the complaint.

        4.     Deny the allegations set forth in paragraph "5" of the complaint insofar as they are inconsistent with the provisions of the New York City Charter ("Charter") relevant to

the powers and duties of the City of New York, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

5. Deny the allegations set forth in paragraph "6" of the complaint, and respectfully refer the Court to Chapter 22 of the Charter for its full text and true meaning with respect to the powers and duties of DOHMH, except admit that the principal place of business of DOHMH is 125 Worth Street, in the City, County, and State of New York.

6. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the Tribunal convenes at 66 John Street, in the City, County, and State of New York.

7. Deny the allegations set forth in paragraph "8" of the complaint, and respectfully refer the Court to Article 13-E of the New York State Public Health Law for its full text and true meaning.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of paragraph "9" of the complaint. Admit the allegations set forth in the third sentence of paragraph "9" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "11" of the complaint, except admit City records indicate that both establishments, Florio's Restaurant ("Florio's) and the 192 Grand St. Cigar & Trading Co., Inc. ("Cigar Store"), are located at 192 Grand Street, in the City, County, and State of New York (the "premises"). Deny the allegations set forth in the second sentence of paragraph "11" of the complaint, except admit that the area devoted to the sale of tobacco is located near the front of the premises.

11.  Deny the allegations set forth in paragraph "12" of the complaint, except admit that DOHMH inspectors have conducted inspections at the premises, as well as at other food service establishments ("FSE"), and aver that DOHMH conducted forty-eight inspections at the premises between March 31, 2004 and April 4, 2008.

12.  Deny the allegations set forth in paragraph "13" of the complaint, except admit that DOHMH inspectors have issued notices of violation ("NOV") to Florio's for failure to comply with certain sections of the New York City Smoke Free Air Act ("SFAA"), and aver that DOHMH issued thirty-six such NOVs to Florio's between March 31, 2004 and April 4, 2008.

13.  Deny the allegations set forth in paragraph "14" of the complaint, except admit that the thirty-six NOVs issued by DOHMH for violations of the SFAA have been issued to Florio's.

14.  Deny the allegations set forth in paragraph "15" of the complaint.

15.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except deny that plaintiffs have complied with the relevant portions of the SFAA.

16.  Deny the allegations set forth in paragraphs "17" and "18" of the complaint.

17.  Deny the allegations set forth in paragraph "19" of the complaint, except admit that the 911 emergency system is not the appropriate mechanism to deal with violations of the SFAA.

18.  Deny the allegations set forth in paragraphs "20," "21," "22," and "23" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

20. Deny the allegations set forth in paragraphs "25," "26," and "27" of the complaint.

21. Deny the allegations set forth in paragraph "28" of the complaint, except deny knowledge or information sufficient to form a belief as to whether an attorney appeared on behalf of Florio's in December 2007 to request an adjournment of a hearing, and aver that DOHMH records do not indicate that a hearing relevant to the allegations set forth in the complaint was held in December 2007.

22. Deny the allegations set forth in paragraph "29" of the complaint, and aver that DOHMH records do not indicate that a hearing relevant to the allegations set forth in the complaint was held in December 2007.

23. Deny the allegations set forth in paragraph "30" of the complaint.

24. Deny the allegations set forth in paragraph "31" of the complaint, and aver that DOHMH records do not indicate that a hearing relevant to the allegations set forth in the complaint was held in December 2007.

25. Deny the allegations set forth in paragraph "32" of the complaint, except admit that counsel for plaintiffs, Sidney Baumgarten and John Russell, refused to participate in a hearing held at the Tribunal held on February 6, 2008, and left the hearing room.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except deny said allegations insofar as they can be construed to allege any wrongdoing by City defendants.

27. Deny the allegations set forth in paragraph "34" of the complaint.

28. Deny the allegations set forth in paragraph "35" of the complaint insofar as they can be construed as alleging any wrongdoing by City defendants, and aver that DOHMH records do not indicate that a hearing relevant to the allegations set forth in the complaint was held in December 2007.

29. Deny the allegations set forth in paragraph "36" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, except deny said allegations insofar as they can be construed as alleging any wrongdoing by City defendants, and aver that Florio's has several administrative appeals pending before the Tribunal.

31. Deny the allegations set forth in paragraph "38" of the complaint, except admit that a hearing relevant to NOVs issued to Florio's was scheduled before the Tribunal for February 6, 2008.

32. Deny the allegations set forth in paragraph "39" of the complaint.

33. Deny the allegations set forth in paragraph "40" of the complaint, except admit that plaintiffs and their counsel were present before the Tribunal on February 6, 2008, and aver that plaintiffs and their counsel refused to participate in the hearing held that day.

34. Deny the allegations set forth in paragraph "41" of the complaint, except admit that an advocate for DOHMH was present at the hearing held on February 6, 2008.

35. Deny the allegations set forth in paragraph "42" of the complaint.

36. Deny the allegations set forth in paragraph "43" of the complaint, except admit that plaintiffs' motions for the hearing officer to recuse himself, for severance of the cases, and for an adjournment due to the appearance of a DOHMH advocate were denied.

37. Deny the allegations set forth in paragraph "44" of the complaint.

38. Deny the allegations set forth in the first sentence of paragraph "45" of the complaint, except admit that Florio's cases were heard by the hearing officer assigned to hear them in the normal course of DOHMH proceedings. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "45" of the complaint, except admit that plaintiffs' counsel left the hearing on February 6, 2008 after the various motions were denied, but before the hearing was held. Deny the allegations set forth in the third sentence of paragraph "45" of the petition.

39. Deny the allegations set forth in paragraph "46" of the complaint, and respectfully refer the Court to New York City Administrative Code §§ 17-501, et seq. for their full texts and true meaning.

40. Deny the allegations set forth in paragraph "47" of the complaint.

41. In response to paragraph "48" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "47" of the complaint as if those responses were fully set forth herein.

42. Deny the allegations set forth in paragraph "49" of the complaint.

43. In response to paragraph "50" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "49" of the complaint as if those responses were fully set forth herein.

44. Deny the allegations set forth in paragraphs "51" and "52" of the complaint.

45. In response to paragraph "53" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "52" of the complaint as if those responses were fully set forth herein.

46.   Deny the allegations set forth in paragraphs "54" and "55" of the complaint.

47.   In response to paragraph "56" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "55" of the complaint as if those responses were fully set forth herein.

48.   Deny the allegations set forth in paragraphs "57" and "58" of the complaint.

49.   In response to paragraph "59" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "58" of the complaint as if those responses were fully set forth herein.

50.   Deny the allegations set forth in paragraphs "60" and "61" of the complaint.

51.   In response to paragraph "62" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "61" of the complaint as if those responses were fully set forth herein.

52.   Deny the allegations set forth in paragraph "63" of the complaint.

53.   In response to paragraph "64" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "63" of the complaint as if those responses were fully set forth herein.

54.   Deny the allegations set forth in paragraph "65" of the complaint.

55.   In response to paragraph "66" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "65" of the complaint as if those responses were fully set forth herein.

56. Deny the allegations set forth in paragraph "67" of the complaint insofar as they are inconsistent with Article 13 of the New York State Public Health Law.

57. Deny the allegations set forth in paragraphs "68" and "69" of the complaint.

58. In response to paragraph "70" of the complaint, City defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "69" of the complaint as if those responses were fully set forth herein.

59. Deny the allegations set forth in paragraph "71" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60. The complaint fails to state a claim against City defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61. The City defendants have not violated any rights, privileges or immunities guaranteed to plaintiffs by the Constitution or laws of the United States, nor have the City defendants violated any act of Congress providing for protection of such rights.

62. Any actions of the City defendants complained of herein were in all respects legal, proper and constitutional.

**WHEREFORE**, City defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 3, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendants The City of New York, the New York City Department of Health and Mental Hygiene and the New York City Department of Health and Mental Hygiene Tribunal
100 Church Street, Room 5-153
New York, New York 10007
(212) 788-0790

_____
        LOUISE LIPPIN (LL 4712)
        Assistant Corporation Counsel

Docket 08 CIV 5903

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLORIO'S ENTERPRISES INC.
d/b/a FLORIO'S RESTAURANT &
192 GRAND ST. CIGAR AND TRADING CO. INC.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, THE NEW YORK CITY DEPARTMENT
OF HEALTH AND MENTAL HYGIENE
TRIBUNAL, THE STATE OF NEW YORK &
THE NEW YORK STATE DEPARTMENT OF HEALTH,

Defendants.

## ANSWER OF CITY DEFENDANTS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Room 5-153*
*New York, N.Y. 10007*

*Of Counsel: Louise Lippin*
*Tel: (212) 788-0790*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................., 200....*

*................................................ Esq.*

*Attorney for..........*